DECISION AND JUDGMENT ENTRY
This accelerated case comes before the court on appeal from the Sandusky Municipal Court. The facts giving rise to this appeal are as follows.
In June 1998, appellant, "One Perkins Place" entered into a lease agreement with appellee "Progressive Marine." Appellant agreed to lease the premises located at 2215 Cleveland Road, suite 108, in Sandusky, Ohio, to appellee for three years according to the following provision in the lease:
"Commencing on July 4, 1998 and ending on June 30,2001, the following rent schedule shall apply:
Lease term Rent Per Month
07/04/98-06/30/99 $1,100
07/01/99-06/30/00 $1,200
07/01/00-06/30/01 $1,400
Paragraph 5 of the lease provided that the lease period:
 "shall be automatically renewed for successive lease periods of one year at the same monthly lease, and on the other terms and conditions set forth in this Agreement, unless on or before sixty (60) days prior to the last day of any lease period either landlord or tenant have given the other written notice, of an intention, to terminate this agreement, in which event the agreement shall terminate as of the last day of that lease period."
On October 3, 2000, appellant filed a complaint alleging that appellee had breached the terms of the lease agreement. Specifically, appellant contended that appellee unilaterally vacated the premises on June 30, 1999. Appellant sought back rent payments totaling $14,600 for the period of July 1999 until the premises were leased to another party at a lesser amount. Appellee filed a motion for summary judgment which was granted on May 10, 2001. Appellant now appeals setting forth the following assignment of error:
 "THE TRIAL COURT ERRED AS A MATTER OF LAW BY ENTERING JUDGMENT CONTRARY TO STATUTE AND CONTROLLING CASE LAW."
R.C. 5301.01 states:
 "A deed, mortgage, land contract as referred to in division (B)(2) of section 317.08 of the Revised Code, or lease of any interest in real property and a memorandum of trust as described in division (A) of section 5301.255 [5301.25.5] of the Revised Code shall be signed by the grantor, mortgagor, vendor, or lessor in the case of a deed, mortgage, land contract, or lease or shall be signed by the settlor and trustee in the case of a memorandum of trust. The signing shall be acknowledged by the grantor, mortgagor, vendor, or lessor, or by the settlor and trustee, in the presence of two witnesses, who shall attest the signing and subscribe their names to the attestation. The signing shall be acknowledged by the grantor, mortgagor, vendor, or lessor, or by the settlor and trustee, before a judge or clerk of a court of record in this state, or a county auditor, county engineer, notary public, or mayor, who shall certify the acknowledgment and subscribe his name to the certificate of the acknowledgment."
R.C. 5301.08 states:
 "Sections 5301.01 to 5301.45, inclusive, of the Revised Code do not affect the validity of any lease of lands appropriated by congress for the support of schools or for ministerial purposes for any term not exceeding ten years or of any other lands for any term not exceeding three years or require such lease to be attested, acknowledged, or recorded."
Appellant contends that because the lease provided for automatic renewal after each year of the three year lease term, the lease term was for more than three years. Relying on the above code sections, appellant argues that the lease was required to comply with R.C. 5301.01. Appellant acknowledges that the lease was not executed in compliance with R.C. 5301.01. Consequently, appellant contends that the initial three year lease term is valid, pursuant to R.C. 5301.08, but any additional terms due to the automatic renewal provision would be void. In sum, appellant argues that appellee owes rent for the portion of the three year lease term that remained after appellee vacated the premises.
Appellant's argument is without merit. It is undisputed that prior to vacating the premises on June 30, 1999, appellee provided proper notice of termination pursuant to paragraph 5 of the lease. As stated by the trial court in its judgment entry:
 "[T]he validity of the lease and its statutory non-compliance is immaterial to the ultimate issue of whether or not rent is owed by [appellee] to [appellant] after 6/30/99. The lease provision which allows early termination of the lease by either party was correctly followed by and complied with by [appellee] * * *"
Upon a thorough review of the record in this case, this court finds that the trial court did not err in finding that there was no genuine issue as to any material fact and that reasonable minds can only conclude that appellee owes no rent to appellant. Appellant's sole assignment of error is found not well-taken.
On consideration whereof, the court finds that substantial justice has been done the party complaining, and the judgment of the Sandusky Municipal Court is affirmed. Costs assessed to appellant.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4, amended 1/1/98.
James R. Sherck, J. and Mark L. Pietrykowski, P.J. concur.